**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3955
_____

CHARLES UCHE AKABUOGU, a/k/a Norman Love, a/k/a Charles U. Akabuogu,
a/k/a Valentino Black, a/k/a Norman S. Love, a/k/a Charles Akabuogu,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A029-732-871)
Immigration Judge: Leo A. Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 13, 2021
Before: MCKEE, SHWARTZ, and RESTREPO, Circuit Judges

(Opinion filed February 10, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Charles Akabuogu, a citizen of Nigeria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will dismiss the petition in part and deny it in part.

I.

Akabuogu was admitted into the United States on a tourist visa in 1986. In 2013, the Department of Homeland Security charged him with being removable for having overstayed his visa. See 8 U.S.C. § 1227(a)(1)(B). Akabuogu, through counsel, conceded that charge and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The application claimed that if Akabuogu returned to Nigeria, he would be harmed because he is Christian and is a member of the Ibo tribe. Akabuogu later amended his application, adding a claim that he fears that he would be harmed in Nigeria because he is bisexual.

The Immigration Judge ("IJ"), after holding a merits hearing,[1] denied Akabuogu's amended application, denied his request for voluntary departure, and ordered his removal to Nigeria. The IJ based the denial of Akabuogu's amended application on several grounds; among other things, the IJ concluded that Akabuogu's asylum claim was time-barred, and that he had failed to show that he would likely be persecuted or tortured if he returned to Nigeria.

---

[1] Akabuogu proceeded pro se at the hearing, as another IJ had previously granted Akabuogu's attorney's motion to withdraw from the case.

Akabuogu, proceeding pro se, appealed the IJ's decision to the BIA. As part of that appeal, Akabuogu submitted new evidence, consisting of letters and affidavits attesting to his bisexuality, his membership in a Christian church, and his good character. In December 2019, the BIA dismissed the appeal, agreeing with the IJ's analysis and indicating that remand was not warranted because Akabuogu had not demonstrated that his new evidence "was previously unavailable or would likely change the result of the case." (BIA Decision 3.) This timely petition for review followed.

II.

As a general matter, we have jurisdiction to review a final order of removal. See 8 U.S.C. § 1252(a)(1). However, the scope of our review in this case is limited in two respects. First, we lack jurisdiction to review the agency's denial of Akabuogu's asylum claim as time-barred. See Issiaka v. Att'y Gen., 569 F.3d 135, 137 (3d Cir. 2009). Second, the following issues are not before us because he did not raise them in his opening brief: the denial of his request for voluntary departure, and the denial of his withholding-of-removal and CAT claims to the extent that they were based on his fear of being harmed for being Christian and a member of the Ibo tribe. See Tineo v. Att'y Gen., 937 F.3d 200, 206 n.4 (3d Cir. 2019) (noting that "[i]t is well settled that [a litigant's] failure to identify or argue an issue in his opening brief constitutes waiver of that issue" (quoting United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005))); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se case).

3

All that is properly before us are Akabuogu's withholding and CAT claims that stem from his fear of being harmed for being bisexual.[2] We review the agency's factual findings underlying its denial of these claims for substantial evidence, see Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003), and we may not disturb those findings "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). We review constitutional and legal claims under a de novo standard. See Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008).

After careful consideration, we see no reason to disturb the agency's denial of Akabuogu's sexual-orientation-based claims for withholding of removal and CAT relief. Contrary to his contention, there is no indication that the BIA "set a higher standard for [p]ast [p]ersecution," (Pet'r's Opening Br. 7), or that the agency ignored or overlooked any evidence that was properly before it.[3] Nor is there merit to Akabuogu's bald and

---

[2] The IJ made an adverse credibility finding in this case, and the BIA upheld that finding on appeal. The Government argues that, because Akabuogu "fails to address the dispositive adverse credibility determination, he has waived *any* challenge to the agency's denial of his applications for relief." (Gov't's Br. 28 (emphasis added).) We disagree. In upholding the IJ's adverse credibility determination, the BIA appeared to rely, in part, on the fact that Akabuogu had not provided certain corroborating evidence. (See BIA's Decision 1-2.) Because Akabuogu's opening brief filed here does address the issue of corroboration, we liberally construe that filing as also challenging the adverse credibility determination. See generally Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."). Although the Government separately argues that Akabuogu has waived any challenge to the agency's denial of CAT relief, we conclude that his opening brief, liberally construed, does include a challenge to the agency's denial of his CAT claim that is based on his sexual orientation. (See Pet'r's Opening Br. 2, 4-5.)

[3] It appears that, on June 3, 2019 — after the merits hearing but before the IJ issued his decision — the sister of Akabuogu's ex-wife (who, it appears, is not an attorney)

4

vague allegations that the BIA misapplied its own precedent and violated his due-process rights. To the extent that he challenges (1) the BIA's decision to uphold the IJ's adverse credibility determination, and (2) the BIA's determination that he failed to corroborate his claims, we need not reach those challenges because the BIA also upheld the IJ's alternative basis for denying Akabuogu's withholding-of-removal and CAT claims. Specifically, the IJ found that Akabuogu had not established that he would likely be persecuted or tortured in Nigeria, and Akabuogu has not shown that the administrative record compels a different finding. Lastly, the letters and affidavits that he submitted to the BIA do not bear on the question whether he would likely be persecuted or tortured in Nigeria, and thus there was no need for the BIA to remand to the IJ to consider that evidence. See Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010) (explaining that, to prevail on a motion to remand to the IJ, the alien must show, among other things, that the evidence in question is material).

submitted to the IJ letters from herself and four others in support of Akabuogu. (See A.R. at 461-66.) Her own letter had previously been submitted to the IJ (see id. at 408), and it was part of the record that informed the IJ's decision. (See IJ's Decision 2-3.) As for the other four letters, they were not submitted until nearly a month after the deadline for filing evidence with the IJ, and it does not appear that Akabuogu ever moved the IJ to consider them. In any event, those four letters were part of Akabuogu's evidence that was submitted to, and addressed by, the BIA on appeal. As we explain later in this opinion, there was no need for the BIA to remand this case to the IJ to consider that evidence.

In view of the above, we will dismiss Akabuogu's petition to the extent that it could be construed as challenging the agency's denial of his asylum claim as time-barred, and we will deny the remainder of the petition.[4]

---

[4] To the extent that Akabuogu has filed a motion to reconsider and/or a motion to reopen with the BIA, any such filings are outside the scope of our review here. Akabuogu may challenge the BIA's decision adjudicating a motion to reconsider or reopen by timely filing a new petition for review. <u>See</u> <u>Nocon v. INS</u>, 789 F.2d 1028, 1032-33 (3d Cir. 1986). We take no position on the merits of such a petition.